| | |
|---|---|
| STATE OF LOUISIANA O/B/O T. J. & T. J. MINOR CHILDREN OF TOMIKA CLOFER | NO. 20-CA-154 |
| | FIFTH CIRCUIT |
| VERSUS | COURT OF APPEAL |
| DEXTER JOHNSON | STATE OF LOUISIANA |

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 53,386, DIVISION "B"
HONORABLE KIRK A. VAUGHN, JUDGE PRO TEMPORE, JUDGE
PRESIDING

December 16, 2020

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Robert A. Chaisson

**<u>AFFIRMED</u>**
 **RAC**
 **JGG**
 **MEJ**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA O/B/O T. J. & T. J. MINOR CHILDREN OF TOMIKA
CLOFER
    Honorable Bridget A. Dinvaut
    Kim Ancona Laborde

DEFENDANT/APPELLANT,
DEXTER JOHNSON
    In Proper Person

**CHAISSON, J.**

In this case arising from a petition to nullify an August 6, 2015 child support judgment, Dexter Johnson appeals the ruling of the trial court sustaining an exception of *res judicata* filed by the State of Louisiana, on behalf of the Department of Children and Family Services ("DCFS"), resulting in the denial of his petition to nullify the prior child support judgment. For the reasons set forth herein, we affirm the judgment of the trial court.

**BACKGROUND**

On August 6, 2015, the trial court rendered a judgment against Mr. Johnson, the acknowledged father of twins born on May 24, 2014, ordering him to pay monthly child support. Mr. Johnson was not present for the August 6, 2015 hearing, although the record indicates he was served via domiciliary service on June 30, 2015. According to DCFS's appellate brief, DCFS received payments on Mr. Johnson's child support obligation via wage assignment from his employer from October of 2015 to September of 2018.

In April of 2018, a hearing was set upon motion of DCFS in which Mr. Johnson sought a modification of his child support obligation.[1] In addition to the DCFS motion for a modification, Mr. Johnson filed - in proper person - a motion to nullify the August 6, 2015 child support judgment on the basis that he had not been properly served, and therefore, the court lacked personal jurisdiction over him. The trial court heard these motions at a June 28, 2018 hearing at which Mr. Johnson was present, although he refused to identify himself. At the hearing, Mr. Johnson was identified by the mother of his children and by the trial judge using a copy of his driver's license on file in the court record, at which time Mr. Johnson fled the courtroom. The judge subsequently rendered judgment dismissing the

---

[1] According to DCFS's appellate brief, the request for modification of the child support obligation was filed at the request of Mr. Johnson.

modification request and dismissing Mr. Johnson's motion to vacate the August 6, 2015 judgment. The record does not reflect that Mr. Johnson sought appellate review of the trial court's June 28, 2018 judgment.

On August 13, 2018, Mr. Johnson, through legal counsel, filed a second motion to nullify the August 6, 2015 child support judgment. Following a hearing on November 9, 2018, the trial court found that the motion to nullify was "a duplication of prior motion which should have been appealed when it was ruled on." The trial court therefore denied the second motion to nullify the August 6, 2015 child support judgment because it was "seeking the same relief that was sought and heard on June Twenty-Eighth by Judge Becnel."[2]

Mr. Johnson sought supervisory review of the November 9, 2018 judgment, which this Court denied on January 30, 2019, for failure to provide the documentation required by Uniform Rules-Courts of Appeal, Rule 4-5. Mr. Johnson also sought review by the Louisiana Supreme Court, which also denied his writ application.

On August 19, 2019, in a third attempt to annul the August 6, 2015 child support judgment, Mr. Johnson filed a petition to annul the judgment on the same grounds he had previously urged in his two prior motions to annul the judgment, *i.e.*, that he had not been served with process as required by law. In response, DCFS filed an exception of *res judicata* and also argued that Mr. Johnson's petition to annul should be dismissed on the grounds that he had acquiesced in the judgment pursuant to La. C.C.P. art. 2003. On October 11, 2019, after a hearing on the matter, the trial court rendered judgment sustaining DCFS's exception of *res judicata* and denying Mr. Johnson's petition to annul.[3]

---

[2] There is no written judgment in the appellate record from the November 9, 2018 hearing; however, the transcript of this hearing, which contains the trial court's ruling from the bench, is contained in the appellate record.

[3] Although the written judgment from this hearing indicates that Mr. Johnson's petition to annul was "denied," the transcript of the hearing indicates that after the trial court sustained DCFS's exception of *res judicata*, Mr. Johnson fled the courtroom when the attorney for DCFS alerted the trial court that there was

**DISCUSSION**

On appeal, Mr. Johnson argues that the trial court erred in sustaining the exception of *res judicata* and dismissing his petition for nullity. We disagree.

Ordinarily, the exceptor bears the burden of proof at trial of the peremptory exception. *In re Med. Review Panel of Gerard Lindquist*, 18-444 (La. App. 5 Cir. 5/23/19), 274 So.3d 750, 754, *writ denied*, 19-1034 (La. 10/1/19), 280 So.3d 165. The party urging the exception of *res judicata* bears the burden of proving its essential elements by a preponderance of the evidence. *State v. Johnson*, 19-422 (La. App. 5 Cir. 1/29/20), 290 So.3d 301, 304. Appellate courts review an exception of *res judicata* using the *de novo* standard of review. *Id.*

Five elements must be satisfied for a finding that a second action is precluded by *res judicata*: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Id.* (*citing Chevron U.S.A., Inc. v. State*, 07-2469 (La. 9/8/08), 993 So.2d 187, 194).

A review of the record indicates that on April 3, 2018, Mr. Johnson first filed his motion to annul the August 6, 2015 child support judgment on the grounds that he had not been properly served with process as required by law. A hearing on this motion was held on June 28, 2018, at which time Mr. Johnson, who was identified in court by the mother of his acknowledged children and by the trial judge using a copy of the driver's license Mr. Johnson had previously filed in the record, had an opportunity to proceed on the merits of his motion and present evidence in support thereof. Rather than proceed on the merits of his motion, Mr.

a bench warrant for Mr. Johnson's arrest. The transcript clearly reveals that there was no trial on the merits of Mr. Johnson's petition to annul and it appears that the "denial" of his petition was based solely upon the trial court's sustaining of DCFS's exception of *res judicata*.

Johnson refused to identify himself in court. The trial court therefore rendered a judgment on June 28, 2018, denying his motion to annul. Mr. Johnson did not file a motion for new trial, appeal or otherwise seek supervisory review of this judgment.

Instead, on August 13, 2018, Mr. Johnson, acting through counsel, filed a second motion to annul the August 6, 2015 child support judgment on the basis that he had not been served with process as required by law. At the hearing of this second motion to annul on November 9, 2018, the attorney for DCFS verbally raised the issue of *res judicata* as to the motion to annul. Following the hearing, the trial court found that the motion to nullify was "a duplication of prior motion which should have been appealed when it was ruled on." The trial court therefore denied the second motion to nullify the August 6, 2015 child support judgment because it was "seeking the same relief that was sought and heard on June Twenty-Eighth by Judge Becnel." This Court and the Supreme Court denied Mr. Johnson's applications for review of that decision.

Mr. Johnson's next filed a "Petition for Nullity of Judgment" on August 19, 2019, again urging that the August 6, 2015 judgment be declared a nullity on the grounds that he had not been properly served with process as required by law. While styled as a "petition" instead of a "motion," the arguments are the same as those set forth in Mr. Johnson's previous two "motions" to annul.

Upon *de novo* review, we find that the trial court correctly sustained DCFS's exception of *res judicata*. The record shows that all of the elements necessary for finding the petition to annul precluded by *res judicata* are met here: there was a valid, final judgment on June 28, 2018, between the same parties, Mr. Johnson and DCFS, over the same subject matter presented in the petition - whether Mr. Johnson was properly served with service of process prior to the August 6, 2015 judgment. Accordingly, we affirm the October 11, 2019 judgment of the trial court

sustaining DCFS's exception of *res judicata* and dismissing Mr. Johnson's petition to annul the August 6, 2015 child support judgment.

# **AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 16, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-154

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE KIRK A. VAUGHN, JUDGE PRO TEMPORE (DISTRICT JUDGE)
HONORABLE BRIDGET A. DINVAUT
(APPELLEE)

**MAILED**
DEXTER JOHNSON  (APPELLANT)
163 BOUTTE ESTATES DRIVE
BOUTTE, LA 70039

KIM ANCONA LABORDE (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
FORTIETH JUDICIAL DISTRICT
PARISH OF ST. JOHN THE BAPTIST
1342 HIGHWAY 44 RIVER ROAD
RESERVE, LA 70068